**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

|  |  |  |
|---|---|---|
| JOUREY NEWELL, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 1:19-cv-1811 |
| Plaintiff, | : : | |
| v. | : : : | **COMPLAINT – CLASS ACTION** |
| NORTH COAST MEDIA, LLC | : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : : : | |

Plaintiff Jourey Newell (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      This case involves a campaign by North Coast Media, LLC ("North Coast") to market its magazine products through the use of pre-recorded messages in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2.      North Coast used a software program to transmit thousands of unsolicited pre-recorded messages to Plaintiff and proposed Class Members. By using an automated telephone dialing system to send thousands of messages without first obtaining the prior express written consent of recipients, North Coast violated the TCPA.

3.     The recipients of North Coast's illegal messages, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA.

## PARTIES

4.     Plaintiff Jourey Newell is, and at all times mentioned herein was, an individual citizen of Pennsylvania.

5.     Defendant North Coast Media, LLC is an Ohio limited liability company with its principal place of business in Cleveland, OH and a registered agent of Kevin M. Stoltman located at 1360 East 9th St., Suite 1070 in Cleveland, OH 44114.

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2).  The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

7.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8.     This Court has personal jurisdiction over North Coast because the company is incorporated and headquartered in the state of Ohio.  The messages that are the subject of this case were created and sent by or on behalf of North Coast.

9.     Venue is proper in the United States District Court for the Northern District of Ohio because defendants are deemed to reside in any judicial district in which they are subject to

2

personal jurisdiction at the time the action is commenced, and because North Coast is incorporated and headquartered in the Northern District of Ohio.

## TCPA Background

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

Calls Made Using a Pre-Recorded Message

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12.      "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

13.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

14.     Under the TCPA, the burden is on the seller – here, North Coast – to have obtained and documented, and to prove, prior express written consent.

The Rise of Automated Calling and Complaints Associated with Them

15.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

16.     "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

17.     In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

18.     *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine

Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

19.     Even more recently, a technology provider combating robocalls warned that nearly half of all calls to cell phones next year will be fraudulent. Press Release, First Orion, Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019 (Sept. 12, 2018), https://www.prnewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-by-2019-300711028.html

## FACTUAL ALLEGATIONS

20.     Plaintiff Newell is a "person" as the term is defined by 47 U.S.C. § 153(39).

21.     Plaintiff Newell is not, and has never been, a customer of Defendant North Coast. At no point has Plaintiff Newell sought out or solicited information regarding Defendant North Coast's products or services.

22.     Plaintiff Newell's telephone number, (484) 213-XXXX, is registered to a cellular telephone service.

23.     Defendant North Coast is a "person" as the term is defined by 47 U.S.C. § 153(39).

24.     On July 29, 2019, August 1, 2019, and August 7, 2019, the Plaintiff received a pre-recorded message call from North Coast to his cellular telephone number.

25.     The pre-recorded message was identical on both calls.

26.     It stated:

Hello, my name is Shea(?) from Landscape Management, the free magazine you currently receive. Press 1 if you would like to continue receiving Landscape Management…

27.     North Coast did not have the Plaintiff's prior express written consent to send out the telemarketing calls at issue.

28.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

31.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Pre-Record Call Class:** All persons in the United States who, within four years prior to the commencement of this litigation until the class is certified, received one or more pre-recorded calls on their cellular telephone from or on behalf of North Coast.

32.     Plaintiff Newell is a member of, and will fairly and adequately represent and protect the interests of, this Class as he has no interests that conflict with any of the class members.

6

33.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34.     Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

35.     This Class Action Complaint seeks injunctive relief and money damages.

36.     The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

37.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the thousands.

38.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

39.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

41.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

        (a) whether Defendant utilized a pre-recorded message to send calls to the members of the Class;

7

(b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42.     As a person who received non-emergency telephone calls using a pre-recorded message without his prior express consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class member who also received such phone calls.

43.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

44.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

46.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. 227, et seq.)
### on behalf of the Robocall Class

47.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

48.     North Coast violated the TCPA by sending, or causing to be sent via an agent, messages to the cellular telephones of Plaintiff and members of the Class using a pre-recorded message without their prior express written consent.

49.     As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, by calling cellular telephone numbers except for emergency purposes, using a pre-recorded voice in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.)
### on behalf of Class

51.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

52.     North Coast violated the TCPA by sending, or causing to be sent via an agent, messages to the cellular telephones of Plaintiff and members of the Class using an automated dialer without their prior express written consent.

53.    As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. §

227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of $1,500 for

each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

54.    Plaintiff and Class members are also entitled to and do seek injunctive relief

prohibiting the Defendant from advertising their goods or services, by calling cellular telephone

numbers except for emergency purposes, using a pre-recorded voice in the future.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the

following relief:

A.    Injunctive relief prohibiting Defendant from advertising its goods or services by

calling cellular telephone numbers except for emergency purposes, using a pre-recorded voice, in

the future.

B.    As a result of the Defendant's willful and/or knowing violations of 47 U.S.C.

§ 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by

statute, of $1,500 for each and every violation of the TCPA;

C.    As a result of Defendant's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff

seeks for himself and each Class member $500 in statutory damages for each and every violation

of the TCPA;

D.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class as

permitted by law or in equity;

E.      An order certifying this action to be a proper class action pursuant to Federal Rule

of Civil Procedure 23, establishing an appropriate Class as the Court deems appropriate, finding

that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms

representing Plaintiff as counsel for the Class;

F.      Such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: August 9, 2019

PLAINTIFF, on behalf of himself
and others similarly situated,

By:  /s/ *Michael J. Boyle, Jr.*
Michael J. Boyle, Jr. (Bar # 0091162)
Email:  mboyle@meyerwilson.com
Matthew R. Wilson (Bar # 0072925)
Email:  mwilson@meyerwilson.com
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

Anthony Paronich (*pro hac vice* to be filed)
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff*